HARRY G. CLOCK AND JAMES M. SEAMAN, ATTORNEYS, &c., APPELLANTS, v. ELIZABETH M. DONNELLY, RE-SPONDENT.

Submitted December 8, 1919—Decided March 1, 1920.

The provision of section 9 of our Practice act, providing that no solicitor or attorney shall commence an action against his client for fees or charges until he shall have delivered a copy of the taxed bill of such fees, &c., forms a part of the legislative scheme for the regulation and control of attorneys of this state, and does not apply to a suit brought by an attorney of another state against a client residing in this state to recover for legal services rendered in the foreign jurisdiction.

On appeal from the Supreme Court.

For the appellants, *Arthur Harris.*

For the respondent, *Edwin G. Adams.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by Clock and Seaman, who are attorneys and counselors-at-law of the State of New York, for legal services rendered to the defendant, a resident of New Jersey, in proceedings connected with the estate of one Frederick E. Kepler, the services being rendered in the courts of New York. When the case came on to be tried counsel for the defendant requested the plaintiffs' attorney to state whether or not he proposed to show that a bill of particulars of the plaintiffs' claim had been served on the defendant before the present suit was brought; the request being based upon the statement that the ninth section of our Practice act, as amended in 1911, required such service as a prerequisite to the bringing of the action. The plaintiffs' attorney, in answer to this request, stated that no such bill of particulars of the plaintiffs' claim had been served upon the

defendant, and the court thereupon directed a nonsuit. Plaintiffs appeal from the judgment entered in accordance with this direction.

We are of opinion that the nonsuit was improperly ordered.

The judicial action was rested solely upon the theory propounded by the attorney of the defendant that a contract for services rendered in a foreign state by an attorney of that state to a client residing in this state, even though valid in the jurisdiction in which it was made and performed, cannot be recovered upon in the courts of this state unless service of a bill of particulars of his claim is first made upon his client.

The legislature of this state, in passing the act to regulate the practice of courts of law in 1903 (*Pamph. L., p.* 537), of which the statute of 1911 is an amendment, grouped the provisions thereof under certain headings, the first of which follows immediately after the enacting clause, and is entitled "Attorneys." The first twelve sections of the statute are grouped under this heading, and a reading of them makes it very clear that by each one of them (passing for the moment section 9) the legislature was providing for the regulation and control of attorneys who had been admitted to the practice of law in this state, and was not intending to regulate or control the acts or rights of attorneys practicing in foreign jurisdictions, notwithstanding that the limitation is not expressly declared. The pertinent words of section 9 are: "No solicitor or attorney shall commence or maintain any action for the recovery of any fees, charges or disbursements, in equity or at law, against his client, or his legal representative, until he shall have delivered to such client, or his legal representative, or left for him at his usual place of abode a copy of the taxed bill of such fee, charges and disbursements." (The amendment of 1911 makes no change which has any materiality in determining the scope of the provision.) We find nothing in the language used in this section which indicates that the legislature intended that it should have a broader reach than is given to the other eleven sections with which it is grouped. In the absence of any such indication,

we consider that the whole twelve sections exhibit but one *general* purpose, and that is the regulation and control of attorneys and solicitors of our own state solely.

Considering, as we do, that the ninth section of the statute, like all of the other sections under the heading "Attorneys," refers only to solicitors or attorneys of this state, and not to solicitors or attorneys of foreign jurisdictions over whom this state ordinarily has no control, we think the rights of the parties in the present litigation were to be determined in this court upon common law principles only, so far as the maintenance of the action was concerned. And this was the view inferentially declared by us in the case of *Wescott* v. *Baker*, 83 *N. J. L.* 460. In that case the plaintiff, who was a member of the bar of this state and also of the Pennsylvania bar, brought his action against the defendant to recover for certain services rendered her in the State of North Carolina, for certain other services rendered her in this state, and for still further legal services rendered her in the State of Pennsylvania. He recovered judgment, and reversal was sought upon the theory that under the evidence there should have been a direction of a verdict in favor of the defendant; and the contention was based, first, on the ground that the plaintiff could not render legal services, within the meaning of that expression, to the defendant in the State of North Carolina, for the reason that he was not a member of the bar of that state, and second, that he could not recover for professional services rendered in this state, for the reason that he had failed to comply with the requirement of section 9 of the act of 1903. This court found it unnecessary to pass upon either of these matters, for the reason that the plaintiff at the time of the alleged rendition of the services to the defendant in the State of Pennsylvania was a member of the bar of that state and was entitled to recover compensation for such services if they were in fact rendered, although a bill of particulars of his claim had not been served; and for this reason the judgment then under review was affirmed.

The judgment under review will be reversed.

*For affirmance*—ACKERSON, J.  1.

